IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALRIC OLAF SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-15-305-W |
| v. | ) | |
| | ) | |
| MIKE ADDISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions entered against him in the District Court of Logan County, Case No. CF-2008-95. Respondent has moved to dismiss the Petition on statute of limitations grounds. Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as it is time-barred.

I. Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's

1

amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

II. Timeliness of the Petition

On January 14, 2010, Petitioner appeared in the Logan County District Court with his court-appointed counsel and entered a blind plea of guilty to charges of murder in the first degree, burglary in the first degree, possession of a firearm after felony conviction, and larceny of an automobile, all after three prior felony convictions. See Brief in Support of Motion to Dismiss, Ex. 2, at 1. Petitioner was sentenced on January 15, 2010, to a term of imprisonment of life without parole for the murder conviction and to consecutive terms of life imprisonment on the remaining convictions. Id., Ex. 3, at 2.

It is not disputed that Petitioner did not appeal the convictions and sentences. Under the AEDPA, a petition seeking habeas relief under 28 U.S.C. § 2254 generally must be filed within one year after a state court judgment becomes final either by the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner did not file a motion to withdraw the pleas or timely seek to appeal the plea-based convictions, the convictions became "final" under 28 U.S.C. §2244(d)(1)(A) on January 24, 2010, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App.

The one-year limitations period commenced the following day on January 25, 2010, and expired one year later, on January 25, 2011, absent statutory and/or equitable tolling

exceptions. The limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2).

On June 22, 2011, Petitioner filed an application for post-conviction relief in Logan County District Court in which he raised two claims for relief. See Brief in Support of Motion to Dismiss, Ex. 1. Petitioner asserted that the plea was not valid because the trial court did not obtain a factual basis for the plea. Petitioner also asserted that he was denied the right to appeal his convictions due to his defense attorney's failure to move to withdraw the pleas. On December 28, 2011, the district court denied the application. Id., Ex. 2. It is not disputed that Petitioner did not appeal this decision.

On December 9, 2014, Petitioner filed a second application for post-conviction relief in Logan County District Court. Id., Ex. 4. In that application, Petitioner asserted eleven grounds for relief. The district court entered a decision on December 23, 2014, denying relief based on the finding that Petitioner procedurally defaulted his claims by failing to present them in an appeal or in his first post-conviction proceeding. Petition, Ex. 7.

Petitioner appealed this decision. On March 2, 2015, the Oklahoma Court of Criminal Appeals ("OCCA") entered an order affirming the district court's decision. Brief in Support of Motion to Dismiss, Ex. 3. These post-conviction applications did not toll the limitation period because they were filed after the limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

Petitioner filed his habeas Petition in this Court on March 25, 2015, four years after

3

the limitations period expired. Petitioner asserts four grounds for relief.[1] With respect to the timeliness of his Petition, Petitioner asserts that the limitations period should be equitably tolled because of his actual innocence and incompetence.

The limitations period may be equitably tolled only in extraordinary circumstances and only if the petitioner has diligently pursued his federal claims. Holland v. Florida, 560 U.S. 631, 645 (2010). The Tenth Circuit Court of Appeals has held that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003)(quotation omitted).

When a habeas petitioner seeks equitable tolling on actual innocence grounds, the petitioner must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995)(quotations omitted). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(holding extraordinary circumstances that warrant equitable tolling of the limitations period may include "a

---

[1] In his Petition, Petitioner asserts in ground one that the state courts discriminated against him because of his "disabilities" and denied him due process in the trial and appellate courts. The gist of this claim is that Petitioner believes he should have been appointed counsel and given a hearing in his post-conviction proceedings. In ground two, Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel because his defense counsel did not present evidence concerning his mental incompetency and "disabilities" to the trial court. In ground three, Petitioner asserts in a single statement that he has "new evidence of actual innocence." In ground four, Petitioner asserts the following: "state fact finding process inadequate," and "state courts refused to comply with 10th Cir. and U.S. Supreme Court opinions set out in Petitioner's pleadings, requiring a hearing."

4

constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent"). "To establish the requisite probability [of actual innocence], the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence [of actual innocence] . . . that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327-28.

Petitioner entered a guilty plea to the charges in Case No. CF-2008-95 after a preliminary hearing and after the State filed a Bill of Particulars indicating it was seeking the death penalty. Brief in Support of Motion to Dismiss, Ex. 2. Although Petitioner asserts in the Petition a claim of "actual innocence," the claim is completely unsupported by any new evidence. Likewise, Petitioner's claim of incompetence is wholly unsupported by any evidence. To prove incompetence, Petitioner would have to show that he was incompetent and unable to file a petition throughout the period of time beginning January 25, 2010, until the date he filed the Petition. Petitioner does not even attempt to make such a demonstration.

Petitioner has not shown that equitable tolling of the expired limitations period is warranted due to a probability of his actual innocence or incompetence. Therefore, the Petition should be dismissed on the basis that it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as it is time-barred. The parties are advised of their respective right to file an objection to this Report and

5

Recommendation with the Clerk of this Court by June 3rd, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 14th day of May, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE