

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

ALRIC OLAF SMITH, )
)
Petitioner, )
)
vs. ) No. CIV-15-305-W
)
MIKE ADDISON, Warden, )
)
Respondent. )

## ORDER

On May 14, 2015, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss Petition for Habeas Corpus [Doc. 8] filed by respondent Mike Addison be granted and that the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Alric Olaf Smith be dismissed as time-barred. Smith was advised of his right to object, see Doc. 12 at 6, and the matter now comes before the Court on Smith's Objection to Magistrate's Report and Recommendation. See Doc. 13.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for state prisoners to seek federal habeas relief, subject to certain exceptions. See 28 U.S.C. § 2244(d). As Magistrate Judge Purcell found, neither statutory tolling, e.g., id. § 2244(d)(2)(limitations period tolled during pendency of "properly filed" post-conviction application), nor equitable tolling, e.g., Holland v. Florida, 560 U.S. 631 (2010); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling applies "only in rare and exceptional circumstances");

Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010)(sufficient showing of actual innocence[1] can equitably toll one-year limitations period even when actual innocence claim not diligently pursued), is available in this case to toll AEDPA's one-year period.

In particular, the Court finds unpersuasive Smith's argument that he is mentally incompetent and thus, has been unable to pursue his habeas claim. "'Equitable tolling of a limitations period based on mental incapacity is warranted [like all equitable tolling claims] only in "exceptional circumstances[.]"'" White v. Roberts, 2015 WL 1452961 *3 (10th Cir. 2015)(quoting Reupert v. Workman, 45 Fed. Appx. 852, 854 (10th Cir. 2002) (further quotation omitted))(cited pursuant to Tenth Cir. R. 32.1). Those circumstances "'may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not "capable of pursuing his own claim" because of mental incapacity.'" Id. (quoting Reupert, 45 Fed. Appx. at 854)(further quotation omitted) (emphasis deleted).

Smith has submitted a copy of an "All Problems Report" created by the Oklahoma Department of Corrections, which shows that Smith's schizoaffective disorder was confirmed as early as July 14, 2010, see Doc. 13-1, and as recent as May 13, 2013. See id. While such evidence may show a mental disorder, it does not establish that Smith was so mentally incompetent during the relevant time period that he was unable to timely pursue his federal habeas claim. Smith was therefore required to file the instant action no later than January 25, 2011, and because his Petition was not filed until March 16, 2015,

---

[1] E.g., Schlup v. Delo, 513 U.S. 298, 329 (1995)(petitioner must present new evidence so strong that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt").

2

see Doc. 1 at 14,[2] it is clearly time-barred.

The Court therefore

(1) ADOPTS the Report and Recommendation [Doc. 12] issued on May 14, 2015;

(2) GRANTS the respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. 8] filed on April 27, 2015; and

(3) DISMISSES Smith's Petition [Doc. 1] with prejudice.

ENTERED this 2nd day of June, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2] See Houston v. Lack, 487 U.S. 266, 275-76 (1988)(pro se prisoner's paper or pleading considered "filed" at moment of delivery to prison authorities for forwarding to court).